Richard HOPEWELL, Plaintiff
and Appellant,

v.

MIDCONTINENT BROADCASTING CORPORATION d/b/a Keloland News, Steve Hemmingsen, Jessica Armstrong, John Doe A, John Doe B, John Doe D and John Doe E, Defendants and Appellees.

No. 18695.

Supreme Court of South Dakota.

Considered on Briefs April 25, 1995.

Decided Oct. 18, 1995.

Richard Hopewell, pro se.

Timothy M. Gebhart of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

GORS, Circuit Judge.

## FACTS

In 1990, Richard Hopewell ran for Second Circuit judge in Sioux Falls against the incumbent, Gene Paul Kean. Hopewell

said some nasty things[1] about Judge Kean, which were not true. Jessica Armstrong and Steve Hemmingsen broadcast some nasty things about Hopewell on KELO TV, which were true[2]. KELO ran this news story at 6 p.m. on October 26, 1990:

> [E]arlier this week 53–year–old Richard Hopewell admitted he spent 10 minutes in Alick Drug in the buff because someone slipped him PCP. KELO–Land News has learned Hopewell ended up being arrested that same day for attempted rape. Records indicate Hopewell walked into an acquaintance's house in north Sioux Falls. While the man was on the phone downstairs, Hopewell allegedly started to pull the man's wife out of bed and started to disrobe her. After being forced from the house, sources say Hopewell headed to St. Joseph's Cathedral where he allegedly greeted parishioners in the nude. Hopewell was later arrested for attempted rape and the next day was taken to Yankton State Hospital on an emergency mental commitment, so the case has been dismissed.
>
> *     *     *
>
> Sources also tell us Hopewell's conduct has been investigated by the Bar Association, which is responsible for monitoring attorneys' action, but those investigations and the results of them are confidential.

KELO ran a follow-up story at 10 p.m. the same evening:

> Dick Hopewell, the Sioux Falls lawyer who's running for judge, tonight categorically denies the latest information about his past, a story that started with his admission that he walked naked into [a] Sioux Falls drug store 12 years ago. KELO–Land News has learned there is more to that incident, including an arrest for the alleged attempted rape of a woman acquaintance in her home. After being run out of the house, according to our sources, Hopewell turned up still naked at St. Joseph's Cathedral. Our sources tell us the matter was dropped when Hopewell was taken to a mental hospital on an emergency commitment.
>
> Hopewell tells us tonight it's all prevarication and distortion, that is, lies.

Hopewell lost the election[3] and his license[4]. Hopewell sued KELO[5]. Circuit Judge John K. Konenkamp granted summary judgment from which Hopewell appeals. We affirm.

Hopewell listed thirty issues in his docketing statement and twelve in his *pro se* brief. This appeal boils down to two issues.

## CONFIDENTIALITY OF NEWS SOURCES

The first issue is whether the trial court should have compelled Armstrong to divulge the sources of the information contained in the broadcasts.

"Shield laws" protect journalists from being required to divulge confidential sources of information. "Absolute" shield laws prevent compelled disclosure in all situations. A "qualified privilege" protects confidential news sources under certain circumstances and requires disclosure under other circumstances. South Dakota does not have

---

1. Hopewell claimed that Judge Kean's campaign was financed by big money interests. Hopewell publicly accepted and announced the names and amounts of campaign contributions and challenged Judge Kean to do the same. Hopewell criticized Judge Kean's sentencing practices and called Kean a "judicial reactionary" who made criminal appointments based on patronage rather than competency. Hopewell criticized Judge Kean's handling of the *Yarnall* case. *See, Yarnall v. Yarnall,* 460 N.W.2d 161 (S.D.1990). Hopewell's statements and actions were violations of the Rules of Professional Conduct and the Code of Judicial Conduct. Matter of Discipline of Hopewell, 507 N.W.2d 911 (S.D.1993).

2. *See,* footnote 8, *infra.*

3. 33,793 votes for Judge Kean to 6,506 votes for Hopewell. Official Election Returns and Registration Figures for South Dakota, General Election November 6, 1990, published by Joyce Hazeltine, South Dakota Secretary of State.

4. *Matter of Discipline of Hopewell,* 507 N.W.2d at 918. Reinstatement was denied. Matter of Hopewell, 529 N.W.2d 578 (S.D.1995).

5. Midcontinent Broadcasting Corporation d/b/a Keloland News, Steve Hemmingsen, Jessica Armstrong, John Doe A, John Doe B, John Doe D and John Doe E.

a shield law and Armstrong has not requested absolute protection against compelled disclosure. Since there are times when disclosure may be appropriate [6] or necessary [7], we decline to adopt an absolute privilege. However, news sources may be subject to harassment or more serious danger if their identity is disclosed. In addition, journalists should not have to prepare a litigant's case. Therefore, we also decline to hold there is no privilege and thus leave journalists and their sources with no protection. Therefore, we hold that a "qualified privilege" protects confidential news sources from disclosure under certain circumstances.

■ We adopt the five factors set out in *Mitchell v. Superior Court (Synanon Church)*, 37 Cal.3d 268, 208 Cal.Rptr. 152, 159–62, 690 P.2d 625, 632–35 (1984), for trial courts to consider when deciding whether to compel disclosure.

(1) *NATURE OF THE LITIGATION.* Disclosure is more appropriate if the news person is a party (not merely a witness), particularly in libel cases.

(2) *RELEVANCE.* The information must go to the heart of the lawsuit.

(3) *ALTERNATIVE SOURCES.* The plaintiff must exhaust all alternative methods of getting the information.

(4) *IMPORTANCE OF CONFIDENTIALITY.* In matters of great public importance where the risk of harm is substantial, the court should protect confidential informants who fear exposure and retaliation if they reveal criminal and unethical conduct to the public even if the plaintiff has no other way to obtain the information.

(5) *THE STATEMENT IS FALSE.* The plaintiff must make a prima facie showing that the statement is false.

Hopewell wanted to know who told Armstong about the incident at St. Joseph's Cathedral.

Application of the first factor, the *nature of the litigation,* favors disclosure in this libel action. Armstrong was a defendant, not merely a witness. However, disclosure is not automatic in libel cases.

The second factor, *relevance,* also favors disclosure. The information sought must go to the heart of the matter. Here, the informant's reliability and Armstrong's efforts to verify the information were central to proving actual malice.

Scrutiny of the third factor, *alternative sources,* favors confidentiality. At the time of his motion, Hopewell had not attempted any other discovery. The trial court gave him an opportunity to try other sources. Although Hopewell subsequently deposed two police officers, he failed to exhaust all alternative sources of obtaining the information.

Consideration of the fourth factor, the *importance of confidentiality,* favors protection of the source. A judicial election is a matter of great public concern. Integrity is a primary factor in selecting a judge. The information in the news story was important to the electorate in weighing the credibility of Hopewell and his campaign. Sources of information about criminal and unethical behavior need the press and the courts to protect them from exposure and possible retaliation.

Resort to the fifth factor, whether *the statement is false,* tips the balance in favor of confidentiality. If analysis of the first four factors remains close, the trial court may require the plaintiff to make a prima facie showing that the statement is false before discovery is ordered. Hopewell failed to show the statement was false.[8]

---

6. In criminal proceedings, the interest of the public in law enforcement and the defendant in discovering exculpatory evidence may outweigh the journalist's need for confidentiality. Our decision in this case relates to civil litigation only.

7. Disclosure of the confidential source may be the only way to obtain the evidence.

8. In fact, the broadcasts were substantially true. The evidence before Judge Konenkamp established that if a few minor details were removed or corrected, the broadcast was essentially correct. Hopewell had already admitted the most damning allegation in the KELO story in a statement given to the Sioux Falls Argus Leader, the largest circulating newspaper in South Dakota, on October 23, 1990, just three days before the broadcast:

It's true I was found nude at the Alick Drug. It should be noted, however, that it occurred

Hopewell was afforded the opportunity to move for disclosure of the sources again if he made the requisite showings. He did not.

## DUE PROCESS

The second issue is whether Hopewell was afforded due process.

 Hopewell claims the trial court denied him due process and an open forum. Apparently, Hopewell equates the "open courts" provision of Section 20 of Article VI of the South Dakota Constitution with winning. The court was open to Hopewell and his suit. Every case has a loser and Hopewell lost this one.

The record in this case is *voluminous.* There are 738 pages in the two separate volumes of the file plus another volume of miscellaneous filings and briefs. There are four amended indexes. There are seven separate transcripts. Hearings were held before Judge Srstka on December 18, 1991 (on a motion to dismiss for failure to prosecute by Hopewell), and before Judge Konenkamp on July 23, August 17, and October 15, 1993, and January 4, 1994.

Judge Konenkamp was patient and polite in difficult circumstances and bent over backwards to ensure that Hopewell was afforded due process. Hopewell was given every opportunity to be heard. Summary judgment was only granted when Hopewell made no showing of actual malice [9] to generate a genuine issue of material fact to support a trial on his libel claims. *Janklow v. Viking Press,* 459 N.W.2d at 419; *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968).

## DECISION

The trial court's summary judgment for KELO is affirmed.

MILLER, C.J., SABERS and GILBERTSON, JJ., and JOHNS, Circuit Judge, concur.

GORS, Circuit Judge, for AMUNDSON, J., disqualified.

JOHNS, Circuit Judge, for KONENKAMP, J., disqualified.

---

as a result of an hallucinogenic experience induced by my having been surreptitiously drugged with what I'm told is called PCP by a secret agent of a political adversary who was noted for his dirty tricks and unethical behavior, and is now very probably allied with Gene Paul Kean and who may well have advanced this information to you for purposes of my campaign embarrassment.

*Matter of Discipline of Hopewell,* 507 N.W.2d at 913.

9. Hopewell needed to produce evidence that would support a reasonable jury finding of actual malice by clear and convincing evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Janklow v. Viking Press,* 459 N.W.2d 415, 419 (S.D.1990).